
FILED
AUG 1 3 2013
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 13-50098 |
| Plaintiff, | INDICTMENT |
| vs. | Conspiracy to Commit Offense or to Defraud the United States (18 U.S.C. § 371) |
| SCOTT KAUBISCH and SHIELA KAUBISCH a/k/a Maria Shiela Santos Kaubisch, | Wire Fraud (18 U.S.C. § 1343) |
| Defendants. | False Swearing in Immigration Matter (18 U.S.C. §§ 1546(a) & 2) |
| | False Statement (18 U.S.C. §§ 1001 & 2) |

The Grand Jury charges:

CONSPIRACY

INTRODUCTION

1. An H-2B visa is commonly referred to as a "temporary work visa." H-2B visas are intended to be for foreign, seasonal workers and such visas are issued for a period of no more than a year. Sixty-six thousand new H-2B visas may be issued in a given year, but visas reissued to a returning worker upon proper application are not counted against this limit.

2. Workers cannot apply for H-2B visas without being sponsored by an employer. The application is filed by the employer, who is referred to as the

"petitioner," and the alien is referred to as the "beneficiary." To obtain an H-2B visa for a foreign worker, the petitioner first must file an application called ETA Form 9142 with the Department of Labor (DOL) requesting a DOL certification. The application to DOL must provide facts indicating that certain conditions established by DOL for obtaining visas for non-immigrant alien workers are met, such as that the petitioning company has a need for the employees and that it cannot fill such need with U.S. citizens. Once the DOL issues the prospective employer a certified ETA Form 9142, the employer is required to submit the original ETA 9142, supporting documentation, and Department of Homeland Security (DHS) Petition for Nonimmigrant Worker Form I-129 to the DHS.

3. On the Form I-129, a petitioner must submit information about the employing petitioner and information about the prospective employment, including the job title, physical location of the job, and wages or salary. The petitioner does not have to specify a worker or workers by name, unless the alien is already in the United States, and can request any number of workers so long as the need for the workers is appropriately justified in the petition. The petitioner must sign the Form I-129, thereby certifying under penalty of perjury, that the petition and the evidence submitted with it is all true and correct.

4. In many instances, forms (ETA Form 9142 and Form I-129) are completed and filed on behalf of the petitioner and alien beneficiaries by a "preparer," which may include law firms, agents, or other persons or

2

businesses claiming to have expertise in the field of immigration benefits and visas. The ETA Form 9142 and Form I-129 petition contain a section which, if the petition has been completed by a preparer, must be signed by the preparer, and requires the preparer to include his/her identifying information.

5. An employer seeking H-2B labor certification must attest as part of the Application for Temporary Employment Certification, a required immigration document for an H-2B work visa petition, that the employer and its attorney or agent have not sought or received payment of any kind from the employee for any activity related to obtaining the labor certification, including payment of the employer's attorney or agent fees, Application for Temporary Employment Certification, or recruitment costs.

6. After the petition is filed by the employer, a foreign worker requesting to enter the United States as an H-2B temporary worker is required to be interviewed by a Department of State Consular Officer. The interview takes place at the designated United States Embassy or Consulate in the foreign worker's country.

7. An H-2B visa is only valid to permit the alien beneficiary to enter and work for the petitioner in the specific position described in the Form I-129. Accordingly, if at any point the petitioner or the alien beneficiary terminates his or her employment, the work visa is no longer valid and the alien must depart the United States unless a subsequent valid visa has been granted. Federal regulations provide that a petition can be denied or revoked where a beneficiary paid or agreed to pay the employer, an agent, facilitator, recruiter, or similar

employment service fees or compensation. Denial or revocation is required if payment of the fees or compensation was a condition of an offer of employment under the H-2B visa.

## THE CONSPIRACY AND ITS OBJECTS

8. The defendants, Scott Kaubisch and his wife, Shiela Kaubisch, a/k/a Maria Shiela Santos Kabuisch, operated a corporation called Global Employment Agency Inc. ("GEA") out of their home in Sturgis, South Dakota, for the purposes of profiting financially for petitioning for H-2B work visas for foreign workers to come to the United States and temporarily work in and around the Black Hills of South Dakota.

9. From approximately January of 2009 to December of 2011, the defendants, through GEA, engaged in a scheme to submit false employment-based petitions to the United States Department of Homeland Security ("DHS") and the United States Department of Labor ("DOL"), for the purpose of obtaining H-2B temporary work visas for the foreign workers. The defendants worked as agents for several employers in the Black Hills and surrounding area to obtain many H-2B visas for nonagricultural, temporary workers.

10. Shiela Kaubisch's cousin, Lyneth Tiozen, often contacted potential H-2B work visa applicants in the Philippines and received the illegal fee payments in agreement with and on behalf of the defendants.

11. On multiple occasions, the defendants solicited and received payments of $500 to $4,000 U.S. dollars from alien workers seeking H-2B visas, yet falsely declared on multiple documents necessary to obtain the H-2B

work visas, namely, Department of Labor ETA Form 9142 and Department of Homeland Security Form I-129, that they had not sought or received such payments. At the time the defendant, Scott Kaubisch, signed the forms, the defendants knew the declarations were false.

12. The false declarations made by the defendants were material to the activities of the Department of Homeland Security, Department of Labor, and Department of State in that the visas would not have been granted had the defendants admitted they collected the illegal fees from the foreign workers because it was illegal to collect such fees.

13. The defendants communicated with the victims of the fraud to demand payment of the illegal fees via the Internet and received payments of the illegal fees via wire transfer.

## COUNT 1

14. On or about February 12, 2009, and continuing thereafter until on or about March 7, 2011, in the District of South Dakota and elsewhere, the defendants, Scott Kaubisch and Shiela Kaubisch, a/k/a Maria Shiela Santos Kaubisch, knowingly and willfully conspired and agreed together and with each other, and with other persons both known and unknown to the grand jury, to defraud the United States of and concerning its governmental functions and rights by making false swearings in an immigration matter in violation of 18 U.S.C. § 1546(a) and making false statements in violation of 18 U.S.C. § 1001, all in violation of 18 U.S.C. § 371, as set forth below.

## MANNER AND MEANS OF THE CONSPIRACY

15. It was a part of the conspiracy that the defendants, Scott Kaubisch and Shiela Kaubisch, a/k/a Maria Shiela Santos Kaubisch, would by deceit, craft, trickery and dishonest means, defraud the United States by interfering with and obstructing the lawful governmental functions of the Department of Labor, Department of State, and the Department of Homeland Security, in that the defendants would solicit and receive illegal fee payments from foreign workers seeking H-2B temporary work visas, yet falsely declare on multiple ETA Form 9142s with the Department of Labor and Form I-129s with the Department of Homeland Security, that they had not sought or received such payments.

16. It was further a part of the conspiracy that the defendants, Scott Kaubisch and Shiela Kaubisch, a/k/a Maria Shiela Santos Kaubisch, would direct the foreign work visa applicants to deceive the agencies of the United States at the applicant's consular interview by telling the consulate that they were not using an agent to obtain employment in the United States and had not paid any fees to obtain the H-2B temporary work visa.

## OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY

17. In furtherance of the conspiracy and to affect the objects of the conspiracy, the following overt acts, among others, were committed in the District of South Dakota, and elsewhere:

   (a) On or about between September 2, 2010, and February 15, 2011, the defendants, Scott Kaubisch and Shiela

Kaubish, a/k/a Maria Shiela Santos Kaubisch, and persons both known and unknown to the grand jury, filled out and signed multiple ETA Form 9142s with the Department of Labor and Form I-129s containing false information, placed the forms in the mail, and caused them to be processed by the various agencies of the United States.

(b) On or about between May 23, 2010, and February 2, 2011, the defendants, Scott Kaubisch and Shiela Kaubish, a/k/a Maria Shiela Santos Kaubisch, and persons both known and unknown to the grand jury, communicated using the Internet, namely email, with foreign work visa applicants to demand illegal fee payment to obtain employment in the United States and received wire transfers from foreign work visa applicants as payment for the illegal fees.

All in violation of 18 U.S.C. § 371.

## WIRE FRAUD

## COUNTS 2 - 4

18. All allegations set forth in Count I are realleged and incorporated herein.

19. On or about the dates set forth below in the District of South Dakota and elsewhere, the defendants, Scott Kaubisch and Shiela Kaubisch, a/k/a Maria Shiela Santos Kaubisch, with the intent to defraud, knowingly devised and intended to devise a scheme and artifice to defraud foreign H-2B

work visa applicants, listed individually below, to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, the signals and sounds described below for each count, each transmission constituting a separate count, to wit: the defendants, Scott Kaubisch and Shiela Kaubisch, a/k/a Maria Shiela Santos Kaubisch, used the Internet to communicate with the foreign H-2B work visa applicants and to receive bank wire transfers to receive illegal fee payments from foreign H-2B work visa applicants, all in violation of 18 U.S.C. § 1343.

| COUNT | DATE | H-2B VISA APPLICANT | METHOD OF WIRE COMMUNICATION |
|---|---|---|---|
| 2 | 2/2/11 | Homer Abecia Cajigas | Western Union wire transfer of $500 |
| 3 | 6/28/11 | Homer Abecia Cajigas | Western Union wire transfer of $3,170.00 |
| 4 | 5/23/10 through 11/25/10 | Laarni Leosala Macalalad | Email communication via the internet by defendants to victim soliciting illegal fee payments |

## FALSE SWEARING IN AN IMMIGRATION MATTER

### COUNTS 5-12

20. On or about the dates set forth below, in the District of South Dakota, the defendants, Scott Kaubisch and Shiela Kaubisch, a/k/a Maria Shiela Santos Kaubisch, aiding and abetting each other, did knowingly subscribe as true under penalty of perjury under 28 U.S.C. § 1746, a false

8

statement with respect to a material fact in an application and document required by the immigration laws and regulations prescribed thereunder, to wit, a Department of Labor ("DOL") ETA Form 9142 and a Department of Homeland Security ("DHS") Form I-129, individually listed below. In each below instance, Scott Kaubisch and Shiela Kaubisch, a/k/a Maria Shiela Santos Kaubisch, aiding and abetting each other, subscribed as true that they had not solicited or received fees from foreign H-2B work visa applicants to obtain the visa, which statement in each instance, the defendants then and there knew was false, in that they had solicited and received fees and payment from foreign H-2B work visa applicants, all in violation of 18 U.S.C. §§ 1546(a) and 2.

| COUNT | DATE | U.S. AGENCY | FORM | FOREIGN H-2B WORK VISA APPLICATION |
|---|---|---|---|---|
| 5 | 12/18/10 | DOL | ETA Form 9142 | Homer Abecia Cajigas |
| 6 | 2/8/11 | DHS | Form I-129 | Homer Abecia Cajigas |
| 7 | 9/2/10 | DOL | ETA Form 9142 | Laarni Leosala Macalalad |
| 8 | 9/24/10 | DHS | Form I-129 | Laarni Leosala Macalalad |
| 9 | 1/4/11 | DOL | ETA Form 9142 | Jerry Del Carmen Macalalad |
| 10 | 1/31/11 | DHS | Form I-129 | Jerry Del Carmen Macalalad |
| 11 | 12/20/10 | DOL | ETA Form 9142 | Jose Gerardo Gomez Limun |
| 12 | 2/15/11 | DHS | Form I-129 | Jose Gerardo Gomez Limun |

## FALSE STATEMENT

## COUNTS 13-20

21. On or about the dates set forth below, in the District of South Dakota, the defendants, Scott Kaubisch and Shiela Kaubisch, a/k/a Maria Shiela Santos Kaubisch, aiding and abetting each other, did willfully and knowingly make and cause to be made, and use and cause to be used, in a matter within the jurisdiction of a department or agency of the United States, a false writing or document, knowing the same to contain a materially false, fictitious, and fraudulent statement. The defendants, Scott Kaubisch and Shiela Kaubisch, a/k/a Maria Shiela Santos Kaubisch, submitted either a Department of Labor ("DOL") ETA Form 9142 or a Department of Homeland Security ("DHS") Form I-129, individually listed below, subscribing as true that they had not solicited or received fees and payment from foreign H-2B work visa applicants, which statement the defendants then and there knew was false, in that the defendants had indeed solicited and received fees and payment from foreign H-2B work visa applicants, well knowing and believing that they had solicited and received illegal fees from foreign H-2B work visa applicants, all in violation of 18 U.S.C. §§ 1001 and 2.

| COUNT | DATE | U.S. AGENCY | FORM | FOREGIN H-2B WORK VISA APPLICATION |
|---|---|---|---|---|
| 13 | 12/18/10 | DOL | ETA Form 9142 | Homer Abecia Cajigas |
| 14 | 2/8/11 | DHS | Form I-129 | Homer Abecia Cajigas |
| 15 | 9/2/10 | DOL | ETA Form 9142 | Laarni Leosala Macalalad |

| 16 | 9/24/10  | DHS | Form I-129     | Laarni Leosala Macalalad     |
| 17 | 1/4/11   | DOL | ETA Form 9142  | Jerry Del Carmen Macalalad   |
| 18 | 1/31/11  | DHS | Form I-129     | Jerry Del Carmen Macalalad   |
| 19 | 12/20/10 | DOL | ETA Form 9142  | Jose Gerardo Gomez Limun     |
| 20 | 2/15/11  | DHS | Form I-129     | Jose Gerardo Gomez Limun     |

A TRUE BILL:

**NAME REDACTED**

FOREPERSON

BRENDAN V. JOHNSON
UNITED STATES ATTORNEY

By *[signature]*